IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM ALLEN LA CHAPPELLE,

           Petitioner,             No. CIV S-07-0836 GEB GGH P

   vs.

ADAMS,

           Respondent.           <u>ORDER</u>

_____/

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1        Petitioner admits that not all of the claims raised in the petition are exhausted.

2  Apparently petitioner is still exhausting some of his claims in state habeas petitions.  Petitioner

3  states that he filed the instant action because he is concerned that the statute of limitations may

4  have run.

5        In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held

6  that courts may stay mixed petitions while a petitioner exhausts his unexhausted claims in state

7  court only when 1) good cause exists for petitioner's failure to exhaust; 2) petitioner's

8  unexhausted claims are not "plainly meritless"; and 3) there is no indication that petitioner

9  engaged in "abusive litigation tactics or intentional delay."  544 U.S. at 277-278, 125 S.Ct. 1528.

10  Pursuant to <u>Rhines v. Weber</u>, petitioner is ordered to file further briefing addressing whether

11  good cause exists for his failure to exhaust state court remedies prior to filing this action.

12        Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of

13  this order, petitioner shall file the further briefing discussed above.

14  DATED:  7/2/07

15                             /s/ Gregory G. Hollows

16                             UNITED STATES MAGISTRATE JUDGE

17

18  lach0836.100fee

19

20

21

22

23

24

25

26