IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM ALLEN LA CHAPPELLE,

    Petitioner,                   No. CIV S-07-0836 GEB GGH P

    vs.

ADAMS,

    Respondent.              FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed May 2, 2007. Petitioner challenges his 2005 conviction for mayhem, assault with a deadly weapon, possession of a firearm, possession of ammunition, discharge of a firearm causing great bodily injury and firearm usage. Petition, p. 1.

        On July 2, 2007, the court ordered petitioner to file briefing addressing whether good cause exists for his failure to exhaust state court remedies prior to filing this action. On July 18, 2007, petitioner filed a response to this order. After reviewing the record, the court recommends that this action be stayed pending petitioner's exhaustion of state court remedies.

/////

/////

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that courts may stay mixed petitions while a petitioner exhausts his unexhausted claims in state court only when 1) good cause exists for petitioner's failure to exhaust; 2) petitioner's unexhausted claims are not "plainly meritless"; and 3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-278, 125 S.Ct. 1528.

In Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416, 125 S.Ct. at 1813.

The California Supreme Court denied petitioner's petition for review on April 12, 2006. Petition, p. 2. Petitioner's conviction became final 90 days later, i.e. on July 11, 2006. Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001). Absent statutory or equitable tolling,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  petitioner had one year from that date to file a timely federal petition, i.e. until July 12, 2007. 21
2  U.S.C. § 2244(d)(1)(A). The time during which a properly filed state habeas petition is pending
3  tolls the limitation period. 28 U.S.C. § 2244(d).
4         In his further briefing, petitioner states that in desperation, his wife filed a habeas
5  corpus petition in the California Supreme Court raising the same claims as were raised on direct
6  appeal. Petitioner does not state when the petition was filed, although it was denied on January
7  24, 2007. Petitioner states approximately 90 days after the California Supreme Court denied this
8  petition, he filed a habeas corpus petition in the Yolo County Superior Court raising new claims.
9  The Superior Court denied this petition on May 31, 2007. Petitioner filed a habeas corpus
10 petition in the California Court of Appeal on June 22, 2007, which is still pending.
11        In his petition, petitioner states that he filed the instant action because he was
12 concerned that the statute of limitations may have run.
13        Without knowing the grounds on which the California Supreme Court and
14 Superior Court denied petitioner's state habeas petitions, this court cannot determine whether the
15 filing of a protective petition is necessary. However, in his further briefing, petitioner suggests
16 that he believed that a protective petition was warranted because his second round of state habeas
17 petitions may not have been properly filed as they were "successive" to the first petition filed in
18 the California Supreme Court. While this understanding of events may not be correct, it is not
19 unreasonable for a pro se habeas petitioner.
20        Because petitioner's unexhausted claims are not plainly meritless and because
21 petitioner has shown good cause to support his stay, the court recommends that this action be
22 stayed.
23        Accordingly, IT IS HEREBY RECOMMENDED that this action be
24 administratively stayed pending petitioner's exhaustion of state court remedies.
25        These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/7/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

lach836.56